IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTWONE DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-24-2798 |
| HINDS 1776, *Baltimore Police,* | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Antwone Davis, a self-represented litigant, filed a Complaint, together with a Motion for Leave to Proceed *In Forma Pauperis*. ECF Nos. 1, 2. Because Plaintiff appears indigent, the Motion will be granted. For reasons stated below, the Complaint will be dismissed.

Plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). "Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su*

*Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

The Complaint alleges that on July 30, 2024, Plaintiff was traveling in his "private automobile" when Defendant Police Officer Hines pulled him over, ticketed him for over $500.00, and impounded his car. *Id.* at 4. Plaintiff states that the Court's jurisdiction is based on his "basic right to travel…Chevron Difference." *Id.* at 3.

Plaintiff attaches to his Complaint copies of a document entitled "Licensing Liberty," which addresses the lack of state authority to "convert a liberty into a license, and charge a fee therefore," ECF No. 1-1; a full page list of case citations with no explanation, ECF No. 1-2 at 1; a lengthy document containing what appears to be a third party's musings on the lack of state authority to regulate travel on public roads, and a purported excerpt from a brief filed in a state court case in the State of Florida, *id.* at 2-19; and a document entitled "Common law n chevron," ECF No. 1-3, that includes nonsensical statements such as "'the Grand Army of the Republic' shall continue to operate under General Order 100 known as the 'Lieber Code', extant from the pen of the last Republic President, Abraham Lincoln." Plaintiff does not state the relief he is seeking.

Plaintiff has also filed correspondence with the Court containing case citations and summaries pertaining to the right of a civilian to travel on public highways, professing that he is a "franchise common law freeman" with the common law right to travel freely, and that "no entity has the right to impose jurisdiction without my consent." ECF No. 4 at 1-2.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Rule 201(b), the Court takes note that Plaintiff has seven cases pending in the District Court for

Baltimore City for traffic citations originating from the July 30, 2024, incident on which the Complaint in this action appears to be based.  *See State v. Davis*, 0C00N9X, 0C10N9X, 0C20N9X, 0C30N9X, 0C40N9X, 0BZ0N9X, 0BY0N9X (Balt. Dis. Ct.).[1]  The traffic citations against Plaintiff include displaying an expired registration plate, driving with an unpaid registration fee, driving without a required license and authorization, failure to present evidence or required security on request, driving with an expired license, failure to display a registration card upon demand, and failure to display a license on demand.  *Id.*  Plaintiff appears to be challenging in this action the authority of the Defendant to issue traffic citations against him.

To the extent the basis of Plaintiff's demand for relief is that he is a sovereign citizen and/or that he is somehow immune to traffic laws, he does not state a claim that may go forward.  *See North Carolina v. Davis*, No. 4:23-CV-67-M-BM, 2023 WL 8813595 (E.D.N.C. Nov. 14, 2023), *report and recommendation adopted*, No. 4:23-CV-00067-M, 2023 WL 8810771, at *3 n.2 (E.D.N.C. Dec. 20, 2023) ("claims similar to those that defendant espouses here, based on sovereign citizen contract theory and immunity to traffic laws, have been consistently rejected across the country.") citing *Estell El ex rel. Whitaker v. City of Greensboro, N.C.*, No. 1:22-CV-48, 2022 WL 2915473, at *3 n.2 (M.D.N.C. July 12, 2022), *aff'd*, No. 22-1790, 2022 WL 17581957 (4th Cir. Dec. 12, 2022) ("[The plaintiff, who is potentially associated sovereign citizens] appears to be alleging that being given a traffic ticket in a name she contends is not her own creates a contract, but that is nonsensical."); *Berry v. City of St. Louis et al.*, No. 4:21-CV-685 RLW, 2021 WL 4191612, at *5 (E.D. Mo. Sept. 15, 2021), *motion for relief from judgment denied sub nom. Berry v. City of St. Louis*, No. 4:21-CV-685 RLW, 2021 WL 5823714 (E.D. Mo. Dec. 8, 2021) ("Courts have routinely denied sovereign citizen claims based on a right to travel.") (citing

---

[1] *See* https://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last visited November 1, 2024).

numerous cases); *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915) ("In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles,-those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers ...").

      Even construing the pleadings with deference to Plaintiff, no plausible basis for any cause of action can be found. Accordingly, the Complaint will be dismissed without prejudice. A separate Order follows.

November 1, 2024

/S/
_____
Julie R. Rubin
United States District Judge